J-S56010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JUNIOR OLEGARIO MARTE | |
| Appellant | No. 3061 EDA 2016 |

Appeal from the Judgment of Sentence July 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003167-2015

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 13, 2017**

Junior Olegario Marte appeals from his July 28, 2016 judgment of sentence of three to six years imprisonment in the aggregate, which was imposed after he pled guilty to three counts of recklessly endangering another person.  After thorough review, we affirm.

The underlying facts were recited at the guilty plea hearing:

> This incident occurred on June 23rd of last year.  At around 5 p.m. Officer [Benjamin] Kocher responded to the area of South 12th Street and Vultee Street to assist Captain Bill Reinik with stopping a vehicle that had driven pas[t] barricades.  This is in the area of the Merchants Square Mall[.] . . .  There was a large sinkhole there at that time.  Fire, police and some Allentown Police personnel had closed off the surrounding streets.
>
> This defendant attempted to bypass the traffic that was backed up and bypass the barriers that were blocking off the streets . . .  in order to . . . get through the area a little faster. He did this at a high rate of speed, and initially almost struck

* Retired Senior Judge specially assigned to the Superior Court.

one of the fire police officers that was regulating traffic at that situation. That's how Captain Reinik was alerted.

Captain Reinik then pursued the defendant who was traveling at a high rate of speed down that area to the Merchant Square Mall, at which point he exited his vehicle and [sic] was essentially at a driveway, had the defendant pinned in the driveway of the Merchant Square Mall.

At that time the defendant drove at him in an attempt to get out of the area almost striking Captain Reinik. He had to jump out of the way of the vehicle in order to do it. It's sort of a narrow roadway there.

And as the defendant was leaving, he drove at a high rate of speed passing another fire officer that was regulating traffic.

Guilty Plea Hearing, 6/27/16, at 4-5.

Appellant pled guilty to three counts of recklessly endangering, 18 Pa.C.S. § 2705, graded as second-degree misdemeanors. In exchange, the Commonwealth agreed not to pursue the charges of aggravated assault, fleeing and eluding police, or the traffic offenses. The court conducted a thorough oral colloquy advising Appellant that each of the offenses could carry with it two years in jail. Appellant acknowledged that he also completed a written colloquy, and that he read and understood that document. Appellant represented further that he was not forced to take the plea, no threats or promises were made, and that he was satisfied with counsel. Appellant admitted that his reckless actions placed people in danger.

The court accepted the plea and ordered a pre-sentence investigation ("PSI"). At the conclusion of the guilty plea hearing, the defense provided two documents, one of which was identified as an evaluation performed by Robert Gordon, a psychologist, that purportedly provided insight into Appellant's background.

On July 29, 2016, the court sentenced Appellant to one to two years imprisonment on each count of recklessly endangering, all sentences to run consecutively. Appellant filed a timely post-sentence motion seeking to withdraw his guilty plea and reconsideration of his sentence. Following a hearing, the court denied the motion.

Appellant was appointed new counsel, who timely filed an appeal on Appellant's behalf and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and the matter is ripe for our review. Appellant presents two questions for our considertion:

    A. Whether the lower court abused its discretion in imposing manifestly excessive and unreasonable sentences which were at the statutory maximum limit and all imposed consecutively when the court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. §9781(c) and (d) or otherwise failed to set forth appropriate reasons for its decision that the maximum sentences were the only appropriate sentences?

    B. Did the lower court err by denying the Defendant's request to withdraw his guilty plea, post-sentence, as the Defendant's

> plea was not entered knowingly or voluntarily or that the Defendant was innocent of the charge?

Appellant's brief at 8-9 (unnecessary capitalization omitted).

Appellant's first contention is that the sentences imposed were manifestly excessive. He contends that imposition of the statutory maximum sentence, and running those sentences consecutively, was contrary to fundamental norms of the sentencing guidelines and ignored legitimate mitigating factors.

As Appellant acknowledges, he presents a challenge to the discretionary aspects of his sentence, which is not appealable as a matter of right. ***Commonwealth v. Austin***, 66 A.3d 798, 807-08 (Pa.Super. 2013). In order to pursue such a claim on appeal, an appellant either must have preserved his discretionary sentencing claim at sentencing or by post-sentence motion and in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Secondly, he must have filed a timely appeal. Third, his brief must include a concise statement pursuant to Pa.R.A.P. 2119(f) with respect to the discretionary aspects of his sentence, and finally, that statement must raise a substantial question that the sentence is inappropriate or violative of the sentencing code.

Appellant complied with all of the prerequisites for review. He filed a timely post-sentence motion, preserved the claim in his Rule 1925(b) statement, and filed a Pa.R.A.P. 2119(f) statement raising a substantial

question *i.e.*, that the court failed to consider the factors in 42 Pa.C.S. § 9721.[1]  ***See Commonwealth v. Dodge***, 77 A.3d 1263 (Pa.Super. 2013) (assertion that the court failed to consider § 9721 factors raises a substantial question).  Thus, we may review his claim.

Our standard of review of a discretionary sentencing claim is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

---

[1] 42 Pa.C.S. § 9721(b) provides general sentencing standards:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721.

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

Appellant contends first that the trial court focused only on the danger faced by police and fire personnel to the exclusion of mitigating factors. According to Appellant, the sentence was excessive and inconsistent with the protection of the public, the gravity of the offense, and his rehabilitative needs.

The record refutes Appellant's contention. Appellant testified at his sentencing. He expressed remorse for his conduct and told the court that he had not intended to hurt anyone. The court noted that Appellant had fifteen prior arrests and eleven convictions, some of which were for aggravated assault, yet Appellant continued to place people in danger. Defense counsel painted Appellant's behavior as "a product of his environment growing up," and "some of the interrelationships he's had with law enforcement officials over the last several years." N.T. Sentencing, 7/28/16, at 8. Reference was made to the psychological report of Dr. Gordon supplied at the guilty plea hearing. Counsel asked that the court follow up with mental health and order a long period of supervision to ensure that Appellant stayed "on the straight and narrow." *Id*. at 10.

The sentencing court discussed Appellant's historical disregard for authority and for the safety of others. It referenced Appellant's conduct

when arrested, where he swung at an officer, spit at police officers, and threatened to kill them. The court observed that probation had been unsuccessful in the past in curtailing such behavior, as had county sentences and paroles. Noting that Appellant was not eligible for the recidivism risk reduction incentive program ("RRRI"), the court imposed sentences that were within the standard guideline range.[2] The trial court stated on the record at sentencing that it had reviewed the PSI. *See Commonwealth v. Downing*, 990 A.2d 788 (Pa.Super. 2010) (trial court informed by a pre-sentence report is presumed to be aware of all appropriate sentencing factors). The court explained that it ran the sentences consecutively because there were at least three different victims of Appellant's crimes. The imposition of consecutive rather than concurrent sentences was within its sound discretion. *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa.Super. 2008).

Appellant also challenges the trial court's denial of his motion to withdraw his guilty plea post-sentence. Appellant acknowledges that such a motion should only be granted if he has demonstrated that manifest injustice would result, and that generally this requires a showing that the guilty plea was not entered knowingly, intelligently, and voluntarily.

---

[2] The standard minimum range sentence for recklessly endangering another person, with Appellant's prior record score of five, and an offense gravity score of three, was six to twelve months.

*Commonwealth v. Hodges*, 789 A.2 764, 765 (Pa.Super. 2002). In support of his claim that his plea was not knowing, intelligent, or voluntary, Appellant asks us to review the record of the guilty plea hearing and the sentencing to determine whether he "fully understood the nature of his plea and the factual basis required to hold him guilty of those charges." Appellant's brief at 21. He maintains that the evidence was "unclear" and that he lacked understanding of the charges. *Id*.

Upon review of a denial of the withdrawal of a guilty plea, this Court examines the totality of the circumstances surrounding the plea to determine whether it was validly entered. *Commonwealth v. Flanagan*, 854 A.2d 489 (Pa. 2004). "Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." *Commonwealth v. Islas*, 156 A.3d 1185 (Pa.Super. 2017) (quoting *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa.Super. 2009)). A defendant is bound by statements he made during the plea colloquy. *Commonwealth v. Brown*, 48 A.3d 1275 (Pa.Super. 2012).

We have examined the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa.Super. 2002). The guilty plea colloquy satisfied the requirements of Pa.R.Crim.P. 590 and *Muhammad*, *supra*, and establishes that Appellant's guilty plea was knowingly, voluntarily, and intelligently entered. Appellant

acknowledged that he understood that he was entering a guilty plea to three counts of recklessly endangering another person, each a misdemeanor of the second degree that could carry a sentence of up to two years in jail. N.T. Guilty Plea, 6/27/16, at 3. While he initially disagreed with the Commonwealth's recitation of the facts underlying the charges, upon additional questioning, Appellant conceded that the facts were true and that his reckless actions put people in danger. *Id*. at 6-7.

The Commonwealth maintains that Appellant's decision to plead guilty was knowingly, voluntarily, and intelligently made, and that his "real complaint is that he is dissatisfied with his sentence." Commonwealth's brief at 12. The record supports that view. Prior to the pronouncement of sentence, Appellant acknowledged that he could have injured people in the streets, and that he pled guilty to recklessly endangering "because I know that I messed up." N.T. Sentencing, 7/28/16, at 5. After the court imposed sentence, Appellant complained that it was "extravagant." *Id*. at 14. He protested that he did not hurt or intend to hurt anyone, denied committing the crimes, and said he did not understand the plea bargain. Appellant's next statement provided the root of his dissatisfaction: "I didn't understand that I could do three years in jail." *Id*. at 14-15.

We find that Appellant has not made the requisite showing of manifest injustice to warrant reversal of the trial court's order denying withdrawal of his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/13/2017</u>